# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>M5 DEV LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 21-cv-01255-BAS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |

　　　　On July 12, 2021, Plaintiff Fernando Gastelum filed this action against Defendant M5 dev LLC claiming violations of the Americans with Disabilities Act and certain California laws.  On the same day, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* ("IFP").  (IFP Mot., ECF No. 2.)  For the reasons outlined below, the Court **DENIES** Plaintiff leave to proceed IFP.

　　　　Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has

satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skylar v. Saul*, No. 19CV1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Here, Plaintiff represents that his monthly income during the last twelve months averaged $1,465 and his spouse's $1,700, with a combined average monthly income $3,165. (IFP Mot. ¶ 1, ECF No. 2.) He states that he and his spouse support two adult sons and the monthly household expenses average $2,450. (*Id.* ¶ 7.) Based on the above, Plaintiff's household has a positive monthly cash flow of around $700 after paying for necessities and other expenses. Further, Plaintiff states that he and his spouse have around $1,500 in cash and bank accounts, a home worth $45,000, and a 2018 vehicle worth $15,000. (*Id.* ¶¶ 4–5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would not impair his ability to obtain the necessities of life. *See, e.g.*, *de Beauvoir's v. Advanta Bank Corp.*, No. 07CV1972WQH(POR), 2007 WL 4219447, at *1 (S.D. Cal. Nov. 28, 2007) (denying IFP status where the plaintiffs disclosed

a positive monthly cash flow of $900, a checking or savings account balance of $10, and ownership of one vehicle); *Simmons v. Wuerth*, No. 119CV01107DADSABPC, 2019 WL 4259754, at *1 (E.D. Cal. Sept. 9, 2019) (denying IFP status where the plaintiff disclosed he had $1,706.20 in cash), *adopted*, No. 119CV01107DADSABPC, 2020 WL 1621368 (E.D. Cal. Apr. 2, 2020).

Considering the foregoing, the Court **DENIES** Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2). Plaintiff shall, on or before Friday August 13, 2021, pay the requisite $402 filing fee.

**IT IS SO ORDERED.**

**DATED: July 21, 2021**

Hon. Cynthia Bashant
United States District Judge